IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JAMIE DIXON VIAR,<br><br>    Plaintiff,<br><br>vs.<br><br>BLUECROSS BLUESHIELD OF TENNESSEE, INC., and, VOLUNTEER STATE HEALTHCARE PLAN, INC.,<br><br>    Defendants. | Case No.: 1:20-cv-00039<br><br>JURY DEMANDED |

## SECOND AMENDED COMPLAINT

Jamie Dixon Viar, through counsel, hereby sues Defendants, BlueCross BlueShield of Tennessee, Inc., and Volunteer State Healthcare Plan, Inc., for disability discrimination and retaliatory discharge under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq., the Americans with Disabilities Amendments of 2008, Tennessee Disability Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. 4-21-101, et. seq., and for FMLA retaliation under the FMLA, 29 U.S.C. §§ 2601 et seq. For her cause of action, Plaintiff states as follows:

PARTIES

1. Plaintiff Jamie Viar is an adult citizen and resident of Chickamauga, Georgia.

2. Defendant BlueCross BlueShield of Tennessee, Inc., is a Tennessee corporation with its Tennessee registered agent, Anne Hance, located at 1 Cameron Hill Circle, Chattanooga, TN 37402-9815.

1

3. Defendant Volunteer State Healthcare Plan, Inc. is a Tennessee corporation with its Tennessee registered agent, Anne Hance, located at 1 Cameron Hill Circle, Chattanooga, TN 37402-9815.

4. Defendants employed Plaintiff at all times relevant to this Complaint.

## JURISDICTION AND VENUE

5. Jurisdiction and venue are proper in this Court because Defendants are doing business in Hamilton County, Tennessee, and because a substantial part of the events or omissions giving rise to this cause of action occurred in Hamilton County, Tennessee.

## FACTUAL ALLEGATIONS

6. Defendants employed Plaintiff from approximately April 14, 2014 until her termination on November 7, 2018.

7. During her employment with Defendants, Ms. Viar worked from home as a Member Education Specialist.

8. Ms. Viar's daily routine involved logging onto the BlueCross BlueShield (BCBS) telecommunications platform and then either making calls to BCBS members or fielding calls from BSBC members.

9. The BCBS telecommunications platform gave employees the option of switching their availability to "off" or "on" and providing a reason for the setting from a list of pre-set options including "personal."

10. While in the "personal" setting, an employee would not be able to receive calls from BCBS members.

2

11. Ms. Viar suffers from anxiety, depression, and panic attacks.

12. In order to address her conditions, Ms. Viar would use intermittent FMLA. Her FMLA was approved in September of 2018.

13. When Ms. Viar was at work and felt a panic attack coming, she would send a message to her supervisor and would set her phone status to "personal."

14. If Ms. Viar was unable to get an immediate message to her supervisor, she would inform the supervisor as soon as possible.

15. In early November, Ms. Viar had to go to the hospital because of an injury she suffered at home. When she returned from the hospital, someone from Human Resources informed her that they had performed a phone audit on Ms. Viar and that they needed explanations regarding several items.

16. Ms. Viar attempted to explain her condition and her use of intermittent FMLA.

17. Ms. Viar was terminated on November 7, 2018.

18. Ms. Viar was told that her time away from the phone was "unreasonable" and that she had "non-productive time" on her call logs.

19. Her formal separation notice, however, described her termination as "Falsified Record/Time."

## VIOLATION OF THE TENNESSEE DISABILITY ACT

20. Plaintiff alleges that Defendants discriminated against her and discharged her because of her disability in violation of the Tennessee Disability Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. 4-21-101, et. seq.

21. Plaintiff alleges that Defendants retaliated against her for engaging a protected activity related to her disability in violation of the Tennessee Disability Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. 4-21-101, et. seq.

22. At all times relevant herein, Defendants employed more than 8 persons.

23. At all times relevant herein, Ms. Viar's anxiety, depression, and panic attacks constituted a physical or mental impairment that substantially limited one or more of her major life activities, she had a record of having such impairments, and this was apparent to Defendants.

24. Defendants perceived or regarded Ms. Viar's anxiety, depression, and panic attacks as a physical or mental impairment that substantially limited one or more of her major life activities, consistent with the definition of "disability" provided under the Tennessee Human Rights Act, T.C.A. 4-21-101, et. seq.

25. Despite Ms. Viar's limitations, she was capable of performing the essential functions of a Member Education Specialist as well as other positions available with Defendants.

26. Defendants had ample notification and information about Ms. Viar's disability and the challenges it posed to her at work.

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

27. Plaintiff filed an EEOC charge in this case with regard to Defendant BlueCross BlueShield of Tennessee, Inc. A Notice of Right to Sue Letter was issued to Plaintiff by the EEOC on May 19, 2020. Therefore, Plaintiff has exhausted her administrative remedies by filing a charge of discrimination with the EEOC.

28. Plaintiff alleges that Defendant BlueCross BlueShield of Tennessee, Inc. discriminated against her and discharged her because of her disability, history of having a disability, or perceived disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq.,

4

and the Americans with Disabilities Amendments of 2008.

29. Plaintiff alleges that Defendant BlueCross BlueShield of Tennessee, Inc. retaliated against her for engaging in a protected activity related to her disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., and the Americans with Disabilities Amendments of 2008.

30. At all times relevant herein, Ms. Viar's anxiety, depression, and panic attacks constituted a physical or mental impairment that substantially limited one or more of her major life activities, she had a record of having such impairments, and this was apparent to Defendant BlueCross BlueShield of Tennessee, Inc.

31. Defendant BlueCross BlueShield of Tennessee, Inc. perceived or regarded Ms. Viar's anxiety, depression, and panic attacks as a physical or mental impairment that substantially limited one or more of her major life activities, consistent with the definition of "disability" provided under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq.

32. Despite Ms. Viar's limitations, she was capable of performing the essential functions of a Member Education Specialist as well as other positions available with Defendant BlueCross BlueShield of Tennessee, Inc.

33. Defendant BlueCross BlueShield of Tennessee, Inc. had ample notification and information about Ms. Viar's disability and the challenges it posed to her at work.

## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

34. At all times relevant to this complaint, Ms. Viar was an employee of Defendants within the meaning of the FMLA, 29 U.S.C. §§ 2601 *et seq*.

35. At all times relevant to this complaint, Ms. Viar was an eligible employee under the FMLA,

5

29 U.S.C. §§ 2601 *et seq*. Ms. Viar had been employed by Defendants for at least twelve months and had worked at least 1,250 hours during the twelve-month period preceding her need for leave.

36. At all times relevant to this complaint, Defendants were subject to the provisions of the FMLA, 29 U.S.C. §§ 2601 *et seq*. Upon information and belief, Defendants engaged in commerce or in an industry or activity affecting commerce; Defendants employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year; Defendants employed these 50 employees within 75 miles of the worksite.

37. The FMLA, 29 U.S.C. §§ 2601 *et seq.*, provides an employee with the right to take up to 12 weeks of medical leave in order to address the serious illness of the employee or a family member of the employee. The FMLA prohibits retaliation against an employee for exercising, or attempting to exercise, any rights under the FMLA.

38. Defendants violated the FMLA by retaliating against Ms. Viar for requesting, applying for, and/or taking medical leave.

39. As a result of Defendants' culpable acts or omissions as set forth herein, Ms. Viar was improperly discriminated against and is entitled to compensation for past, present, and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering, other non-pecuniary losses, and attorneys' fees and costs.

## WHEREFORE PLAINTIFF PRAYS:

(a) That Plaintiff be awarded compensation in an amount to be determined by a jury up to $250,000.00 for past, present, and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other non-pecuniary losses;

(b) That the Court award Plaintiff the attorneys' fees and costs incurred in prosecuting this action, and other discretionary costs allowed by law.

(c) The Court award the Plaintiff such other, further, and general relief to which he may be entitled.

(d) That a JURY be empaneled to try this action.

Respectfully submitted,

**MASSEY & ASSOCIATES, P.C.**

By s/ R. Ethan Hargraves
    R. Ethan Hargraves; BPR No.: 033331
    6400 Lee Hwy., Suite 101
    Chattanooga, TN 37421
    (P): 423.697.4529
    (F): 423.634.8886
    ethan@masseyattorneys.com
    *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have this day delivered this First Amended Complaint on persons via U.S. mail to the following:

> Aubrey Gulledge
> BOYLE BRASHER LLC
> 80 Monroe Avenue
> Suite 410
> Memphis, TN 38103
> agulledge@boylebrasher.com

This 18<u>th</u> day of August, 2020.

**MASSEY & ASSOCIATES, PC**

By s/ R. Ethan Hargraves
By: R. Ethan Hargraves
  Tennessee No. 033331
  6400 Lee Highway, Suite 101
  Chattanooga TN 37421
  Phone: (423) 697-4529
  Fax:(423) 634-8886
  ethan@masseyattorneys.com
  *Attorney for Plaintiff*

8